

FILED
**Oct 10, 2019**
**12:30 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Jeffrey Jones | ) Docket No. 2019-01-0024 |
| | ) |
| v. | ) State File No. 3286-2019 |
| | ) |
| Columbus McKinnon Corp., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Thomas L. Wyatt, Judge | ) |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the trial court denied the employer's motion for summary judgment, concluding there were genuine issues of material fact concerning whether the employee gave proper notice of his alleged injury. The employer has appealed. Viewing the evidence in a light most favorable to the nonmoving party, we conclude the trial court did not err in denying the employer's motion. As a result, we affirm and remand the case.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge David F. Hensley joined. Presiding Judge Marshall L. Davidson, III, did not participate.

Robert J. Uhorchuk, Chattanooga, Tennessee, for the employer-appellant, Columbus McKinnon Corp.

Kent T. Jones, Cleveland, Tennessee, for the employee-appellee, Jeffrey Jones

### Factual and Procedural Background

Jeffrey Jones ("Employee"), a resident of Hamilton County, Tennessee, is a twenty-four-year employee of Columbus McKinnon Corporation ("Employer") where he works as a machine operator. On May 10, 2018, while working on the paint line, he suffered pain and other symptoms in his right hand and arm. According to Employee, he reported the symptoms to a supervisor, Kevin Schlageter, and observed Mr. Schlageter speak with the Environmental Health & Safety Manager, Stephen Byer. A production supervisor drove him home, and he remained out of work for three weeks. Thereafter, he was seen by Dr. Mark Brzezinski, a hand specialist.

1

Employee had experienced a prior injury to his right hand on November 5, 2014, while working for Employer. On that date, his right index and middle fingers were caught in a machine, resulting in a partial amputation of both fingers. As a result of that injury, Employee treated with Dr. Brzezinski.

Employer disputes that Employee provided notice of an injury to his supervisor on or about May 10, 2018. Moreover, Mr. Byer denies he received notice of Employee's alleged injury at any time before February 2019. Employer asserts that Employee's request for treatment with Dr. Brzezinski in 2018 was related to his 2014 injury and not from any new injury in 2018.

After Employee filed a petition for benefits, Employer filed a motion for summary judgment, asserting that it was entitled to a judgment as a matter of law as to the issue of notice. In response, Employee argued there were genuine issues of material fact regarding whether he gave proper notice of his alleged 2018 injury to Mr. Schlageter and whether Mr. Schlageter, in turn, reported it to Mr. Byer. Employer argued that Employee did not report a new injury, but merely complained of increased symptoms in his right hand related to his prior injury.

Following a hearing on July 17, 2019, the trial court issued an order denying Employer's motion for summary judgment. The court concluded there was conflicting testimony as to the issue of notice that created a genuine issue of material fact. It also concluded that weighing such testimony would require it to assess witness credibility, which is inappropriate at the summary judgment stage. Employer has appealed.

**Standard of Review**

A trial court's ruling on a motion for summary judgment is reviewed de novo with no presumption of correctness. *Wallis v. Brainerd Baptist Church*, 509 S.W.3d 886, 895 (Tenn. 2016) ("[W]e make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied."). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2018).

**Analysis**

The determinative issue on appeal is whether the trial court erred in finding there was a disputed issue of material fact precluding summary judgment. Employer first argues that Employee's affidavit, upon which the trial court relied in identifying a genuine issue of material fact, did not state "in plain and simple language . . . the time, place, nature, and cause of the accident resulting in injury." Second, Employer argued that Employee's alleged failure to provide proper notice caused it unfair prejudice, since

2

Employer was deprived of "the opportunity to make a timely investigation of the facts while still readily accessible, and to enable the employer to provide timely and proper treatment" for Employee. Finally, it asserted that Employee's "observation" of an alleged conversation between Mr. Schlageter and Mr. Byer is not probative in creating a genuine issue of material fact, since Employee's visual observation of a conversation between two other people could not imply the purpose or content of that conversation.[1]

The burden is on the party pursuing summary judgment to demonstrate that no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008). If the moving party makes a properly supported motion, the burden of production then shifts to the nonmoving party to demonstrate the existence of a genuine issue of material fact. *Id.* In reviewing a trial judge's decision on a motion for summary judgment, we must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999). We are not to weigh the evidence when evaluating a motion for summary judgment. *See Martin*, 271 S.W.3d at 87.

Furthermore, when considering a motion for summary judgment where the moving party does not bear the burden of proof at trial, the moving party may make the required showing under Rule 56 and shift the burden of production to the nonmoving party either: "(1) by affirmatively negating an essential element of the nonmoving party's claim; or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *Rye v. Women's Care Ctr. of Memphis, PLLC*, 477 S.W.3d 235, 264 (Tenn. 2015) (emphasis in original); *see also* Tenn. Code Ann. § 20-16-101 (2018).

We agree with Employer that Employee's mere observation of a conversation between two people, without more, would have little, if any, probative value as to the issue of notice. However, the alleged conversation was the second of two pertinent conversations. The first and more significant was Employee's alleged conversation with Mr. Schlageter. We must presume, for purposes of summary judgment, Employee reported to Mr. Schlageter, a supervisor, that he suffered pain while engaged in work activities on May 10, 2018. We must also presume that Employee's supervisor took him home the day of the incident, that he missed three weeks of work, and that Employer subsequently authorized a medical appointment with Dr. Brzezinski. Employer has not denied these allegations or asserted that Mr. Schlageter was not Employee's supervisor at the time the incident was reported.

---

[1] Although we have considered Employer's brief, we did not consider Employee's brief, which was to be filed on or before September 6, 2019, but was not filed until September 23. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(2) (2018). Moreover, Employee did not timely respond to the Show Cause Order we issued on September 24, 2019, directing him to show cause as to why his late-filed brief should be accepted and considered.

In short, Employee's testimony regarding his alleged conversation with Mr. Schlageter, which Employer has not denied, creates a genuine issue of material fact as to whether Employee gave proper notice of a work injury. The genuine issue of material fact precludes summary judgment.

## Conclusion

The trial court's order denying Employer's motion for summary judgment is affirmed, and the case is remanded. Costs on appeal are taxed to Employer.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Jeffrey Jones | ) | Docket No. 2019-01-0024 |
| | ) | |
| v. | ) | State File No. 3286-2019 |
| | ) | |
| Columbus McKinnon Corp., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Thomas L. Wyatt, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 10th day of October, 2019.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Kent T. Jones | | | | X | joneslaw08@gmail.com |
| Robert J. Uhorchuk | | | | X | rju@spicerfirm.com kburke@spicerfirm.com |
| Thomas L. Wyatt, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Jeanette Baird
Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov